# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CAESAR ROGERS**  *Plaintiff,*  v.  **SGT. BRADDEUS WELLMAKER**, *et al.*,  *Defendants.* | **CIVIL ACTION NO. 5:23-cv-00303-TES-CHW** |

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION

Before the Court is Plaintiff's Motion for Reconsideration [Doc. 15]. On November 28, 2023, the United States Magistrate Judge issued an Report and Recommendation ("R&R") [Doc. 11], to which Plaintiff did not object. Therefore, on December 28, 2023, the Court reviewed the R&R for clear error and ultimately adopted it, dismissing Plaintiff's Complaint for failure to state a claim. [Doc. 12]. Judgment was entered the same day. [Doc. 13].

But then, on February 15, 2023, the Court received Plaintiff's Motion for Reconsideration, in which he (1) objects to the Court dismissing his Complaint and (2) argues that he did not receive a copy of either the magistrate judge's R&R or the Court's subsequent order adopting it until February 1, 2024. [Doc. 15, pp. 1–2]. To support this latter point, Plaintiff attaches a document showing that he received three documents

(sent from this Court) on February 1, 2024.[1] Because Plaintiff did not receive the Court's orders until over two months after the magistrate judge issued his R&R and because the Court received Plaintiff's Motion for Reconsideration within 14 days of receiving copies of the Court's orders, the Court will liberally construe the substance of Plaintiff's Motion for Reconsideration as a timely-filed Objection to the magistrate judge's R&R.[2] Accordingly, **GRANTS** Plaintiff's Motion to Reconsider [Doc. 15], **VACATES** its previous order adopting the R&R [Doc. 12] and judgment [Doc. 13], and reviews de novo the portions of the R&R to which Plaintiff objects in his Motion for Reconsideration.[3] 28 U.S.C. § 636(b)(1)(C); *see* [Doc. 15]. After reviewing the R&R de novo in light of Plaintiff's Objections, however, the Court remains convinced that the magistrate judge's recommendation to dismiss was correct, and Plaintiff's Complaint

---

[1] Plaintiff states that he wrote in "11/28/2023," "12/28/23," and "1/08/2024" on the document to denote which court documents he received on February 1, 2024, and that an Officer Jones wrote in the date received at the bottom, which Plaintiff points out matches the one at the top of the form. [Doc. 15, p. 2]. The Court has no reason to doubt that Plaintiff is being untruthful as to which documents he received on February 1, 2024.

[2] The Court notes that the return address on Plaintiff's envelope, in which he sent his Motion for Reconsideration to the Court, is an address in Cordele, Georgia—not the prison's address. [Doc. 15-2, p. 1]. Therefore, Plaintiff cannot take advantage of the prison mailbox rule, which applies when a prisoner delivers mail to prison authorities for mailing. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). But no need. The Court received his Motion on the 14th day after he received the magistrate judge's R&R and the Court's order, which is within the time to file an Objection to the R&R. *See* 28 U.S.C. 636(b)(1).

[3] The Court correctly adopted the R&R under a clear error standard because, as far as it knew, Plaintiff had failed to object after a month, let alone within the 14 days required by 28 U.S.C. 636(b)(1)(C). The Court now grants the Motion for Reconsideration only insofar as it questions the Court's use of a clear error standard when, as the Court now knows, Plaintiff did not receive a copy of the magistrate judge's R&R until February 1, 2024 and had not yet had the opportunity to object to the R&R. *See* [Doc. 15, p. 2].

[Doc. 1] is **DISMISSED** without prejudice.

The Court has "broad discretion" in reviewing a magistrate judge's recommendations. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may consider arguments that were not raised in the first instance to the magistrate judge—or it may decline to do so. *Stephens v. Tolbert*, 471 F.3d 1173, 1174 (11th Cir. 2006); *Williams*, 557 F.3d at 1292. If, for example, Plaintiff had included new factual allegations in his Objection, the Court would be within its discretion to construe those factual allegations as amendments to the complaint. *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (per curiam).

Here, however, Plaintiff makes no new factual allegations in his Objection, but simply restates facts he already asserted in his Complaint and which the magistrate judge rejected as a basis for legal relief. *Compare* [Doc. 15, p. 1], *with* [Doc. 1, pp. 9–10]. Additionally, while Plaintiff states the reasons he disagrees with dismissing his Complaint, he does not pinpoint any of the magistrate judge's specific recommendations that he finds to be erroneous. *See* [Doc. 15, p. 1].

Plaintiffs have a duty to specifically identify for the district court what exactly they disagree with in the magistrate judge's recommendation. *U.S. v. Schultz*, 565 F.3d 1353, 1360--61 (11th Cir. 2009) ("It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's [recommendation] that the district court must specially consider."). Moreover, a legally sufficient objection to the magistrate

3

judge's recommendation requires more than a reassertion of arguments already alleged in a complaint. *See Calloway v. Upton*, No. 1:04-CV-058 WLS, 2007 WL 1549469, at *1 (M.D. Ga. May 25, 2007).

For the foregoing, the Court again agrees with the magistrate judge's recommendations and finds no error in his rulings. In sum, the Court **GRANTS** Plaintiff's Motion for Reconsideration [Doc. 15], **VACATES** its previous order [Doc. 12] and judgment [Doc. 13] adopting the R&R, and reviews the R&R de novo in light of Plaintiff's objections contained in his Motion for Reconsideration. After conducting a de novo review, the Court again **ADOPTS** the magistrate judge's R&R [Doc. 11] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **DISMISSES** Plaintiff's Complaint [Doc. 1] without prejudice.

**SO ORDERED**, this 21st day of February, 2023.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**